UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Christopher Halpin, Esq.,      :
Administrator for the          :
Estate of David Carriger,      :
Gary Parizo,                   :
          Plaintiffs,          :
                               :
          v.                   :     Case No. 1:89-cv-359
                               :
Joseph J. Patrissi, John       :
Gorczyk, Heinz Arenz,          :
Charles Hatin, Kathy Lanman,   :
          Defendants.          :
_____     **consolidated with**

Mitchell King,                 :
          Plaintiff,           :
                               :
          v.                   :     Case No. 1:92-cv-45
                               :
Heinz Arenz, State of Vermont  :
Department of Corrections,     :
          Defendants.          :
_____

Johnny Lopez,                  :
          Plaintiff,           :
                               :
          v.                   :     Case No.  1:92-cv-75
                               :
John Gorczyk, Ray Pillete,     :
          Defendants.          :
_____

Richard Stempel,               :
          Plaintiff,           :
                               :
          v.                   :     Case No.  1:92-cv-295
                               :
Howard B. Dean, III, John      :
G. Gorczyk, Raymond            :
Pillette, Heinz Arenz,         :
Karen St. Lawrence,            :
          Defendants.          :

<u>OPINION AND ORDER</u>
(Doc. 104)

Vermont inmates Kirk Wool, John Barbera, and James Ingerson ("Movants") have moved the Court to enforce a stipulation entered into by the Vermont Department of Corrections ("DOC").  The stipulation arose out of litigation that was brought by Vermont inmates beginning in 1989, and pertains to the legal resources available to DOC inmates.  Movants now contend DOC is not adhering to the terms of the stipulation and ask the Court to order compliance.  Defendants have opposed the motion, arguing Movants lack standing, and that DOC is performing consistently with the stipulation.  For the reasons set forth below, the motion to enforce (Doc. 104) is DENIED.

I.  <u>Standing</u>

The motion before the Court claims the stipulation was the result of a class action lawsuit, and Movants and all other "similarly situated" inmates are members of the class.  In fact, this case was never certified as a class action, but is instead a consolidated action, consisting of four cases filed between 1989 and 1992.  Movants were not parties to any of the cases.  Defendants therefore ask the Court to deny the motion since Movants have no standing to seek enforcement.

Although they do not cite the Rule, Movants' motion appears to be authorized by Fed. R. Civ. P. 71.  Rule 71 provides that "[w]hen an order grants relief for a nonparty or may be enforced

2

against a nonparty, the procedure for enforcing the order is the same as for a party." Fed. R. Civ. P. 71.  As the Second Circuit has explained, "[i]t seems clear that Rule 71 was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action."  Lasky v. Quinlan, 558 F.2d 1133, 1137 (2d Cir. 1977).  The Lasky decision includes a statement that "Rule 71 may support a separate action by a present inmate to enforce the order obtained by [previously-incarcerated] plaintiffs . . . ."  Id.

The Second Circuit has construed Lasky as "effectively [giving] persons who were not original parties a green light to pursue enforcement of the consent decree at issue."  Berger v. Heckler, 771 F.2d 1556, 1566 (2d Cir. 1985); see also Lavapies v. Bowen, 687 F. Supp. 1193, 1207 (S.D. Ohio 1988) ("Under Rule 71, a non-party who establishes standing to proceed as a third-party beneficiary of a settlement agreement or consent decree may pursue enforcement of that agreement or decree.") (citations omitted).  The Berger court also made clear an unnamed beneficiary may intervene in the existing case under Rule 71, and need not bring a separate action.  771 F.2d at 1566 ("judicial economy virtually requires that appropriate persons be permitted to intervene under Rule 71").  The Court therefore finds Movants have standing to bring their motion to enforce.

3

II.  <u>Compliance With Directive 385.01</u>

    The original parties' stipulation resulted in the

development of DOC Directive 385.01.  The Directive is entitled

"Inmate Access to Courts," and its stated purpose is "to enhance

access to the courts by offenders in the physical custody of the

Vermont Department of Corrections and to reduce litigation

pertaining to access to courts."  (Doc. 109-1 at 4.)  The motion

currently before the Court alleges DOC has failed to adhere to

Directive 385.01.  In response, Defendants submit DOC "continues

to provide access to the courts to the inmates in the custody of

the Commissioner as required by this directive."  (Doc. 109 at

2.)

    Movants allege that in early 2010, DOC removed all computers

from its prison law libraries.  This action was allegedly taken

in response to an inmate's discovery of certain content on one of

the computers.  Movants claim the computer in question, like many

other prison computers, had been purchased used, and the hard

drive had not been properly "scrubbed."  Without computers,

inmates reportedly cannot access Westlaw or other on-line legal

resources.

    As a partial substitute for on-site legal resources, DOC

allegedly implemented a request system, whereby inmates could

mail research requests to DOC Legal Education Director Carol

Callea, Esq.  Movants contend that requiring a single person to

respond to requests from approximately 2,000 inmates is inadequate, and cite case law critical of similar programs. Movants also criticize the recent implementation of a "Kiosk read only system" in prison law libraries.  The Kiosk system, they claim, has been found by DOC personnel to be "not user friendly."

Directive 385.01 does not specify the legal materials available to inmates.  The Directive states its purpose, defines terms, and outlines available services by Inmate Law Librarians and Inmate Legal Assistants.  Movants do not contend that these services are unavailable.  The Directive also requires prison superintendents to provide access to legal materials and assistance, writing supplies, policy manuals, and photocopying services.  There is no claim these services are not being provided.

The final requirement of the Directive is for development of an Inmate Litigation Manual by the Legal Education Director.  The manual is to include a summary of the most common Vermont legal issues facing inmates; standard state and federal court forms; commonly used DOC regulations and policies; cites to and synopses of "key decisions" involving post-convictions remedies and conditions of confinement; and copies of Vermont federal court habeas and civil rights rulings since 1990.

Included in DOC's response is an affidavit from Attorney Callea which states she is "continu[ing] to provide and update" a

host of materials consistent with Directive 385.01, including responses to specific inmate requests; inmate legal files that were previously stored on prison computers; legal education and court opinion manuals; and court forms relevant to Vermont inmates.  (Doc. 109-2.)

Attorney Callea also confirms a computer Kiosk system was installed in January 2011.  The Kiosks provide on-line access to, among other things, the Federal Reporter and Federal Supplement, Vermont cases, state and federal statutes, and U.S. Supreme Court opinions.  (Doc. 109-2 at 18.)   Movants' contention that the Kiosks are not user-friendly fails to establish DOC is not in compliance with Directive 385.01.

The motion to enforce (Doc. 104) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of April, 2011.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge