UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Christopher Halpin, Esq., :
Administrator for the :
Estate of David Carriger, :
Gary Parizo, :
Plaintiffs, :
:
v. : Case No. 1:89-cv-359
:
Joseph J. Patrissi, John :
Gorczyk, Heinz Arenz, :
Charles Hatin, Kathy :
Lanman, :
Defendants. :

**consolidated with**

Mitchell King, :
Plaintiff, :
:
v. : Case No. 1:92-cv-45
:
Heinz Arenz, State of :
Vermont Department of :
Corrections, :
Defendants. :

Johnny Lopez, :
Plaintiff, :
:
v. : Case No. 1:92-cv-75
:
John Gorczyk, Ray Pillete, :
Defendants. :

Richard Stempel, :
Plaintiff, :
:
v. : Case No. 1:92-cv-295
:
Howard B. Dean, III, John :
G. Gorczyk, Raymond :
Pillette, Heinz Arenz, :
Karen St. Lawrence, :
Defendants. :

## OPINION AND ORDER
(Docs. 113 and 120)

Vermont inmate Isaac Faham, proceeding *pro se*, has moved the Court to enforce a stipulation entered into by the Vermont Department of Corrections ("DOC") in 1997. (Doc. 113.) The stipulation arose out of litigation brought by a group of Vermont inmates regarding the legal resources available to them in prison. Faham contends that the DOC is not adhering to the terms of the stipulation, and asks the Court to order compliance. Also before the Court is an addendum to Faham's motion and a motion to add inmate Kirk Wool as a movant. (Doc. 120.) For the reasons set forth below, the motions are DENIED.

### I. Case Background

This case originated in 1989, and was subsequently consolidated with three other civil cases, all of which pertained to inmate access to the courts. In 1997, the parties entered into a stipulation that was approved by the Court and resulted in DOC Directive 385.01. Directive 385.01 is entitled "Inmate Access to Courts," and its stated purpose is "to enhance access to the courts by offenders in the physical custody of the Vermont Department of Corrections and to reduce litigation pertaining to access to

courts." (Doc. 109-1 at 4.)[1] Related provisions set forth the scope of inmate legal services, require the provision of supplies and photocopying, and outline the contents of an inmate litigation manual. Id. at 6-8.

On September 20, 2010, a group of Vermont inmates filed a motion to enforce the stipulation, claiming that the DOC had failed to adhere to Directive 385.01. (Doc. 104.) Specifically, the movants alleged that in early 2010, the DOC removed all computers from its prison law libraries. This action was allegedly taken in response to an inmate's discovery of certain content on one of the computers. The movants claimed the computer in question, like many other prison computers, had been purchased used, and that the hard drive had not been properly "scrubbed." Without computers, inmates reportedly could not access Westlaw or other on-line legal resources.

As a partial substitute for on-site legal resources, the DOC allegedly implemented a request system, whereby

---

[1] Although the filed copy of Directive 385.01 (Doc. 109-1) appears to be incomplete, the complete text may be viewed at:

> http://www.doc.state.vt.us/about/policies/rpd/correctional-services-301-550/385-389-programs-education-services/385.01%20Inmate%20Access%20To%20Courts%20Template.pdf

inmates could mail research requests to DOC Legal Education Director Carol Callea, Esq. The movants argued that the request system was inadequate. They also criticized the more recent implementation of a "Kiosk read only system" in prison law libraries, claiming that the system was "not user friendly." Id. at 7.

The DOC responded to the motion with an affidavit from Attorney Callea which stated she was "continu[ing] to provide and update" a host of materials consistent with Directive 385.01, including: responses to specific inmate requests; inmate legal files that were previously stored on prison computers; legal education and court opinion manuals; and court forms relevant to Vermont inmates. (Doc. 109-2 at 18.) Attorney Callea also confirmed that a computer Kiosk system was installed in January 2011 to provide on-line access to, among other things, the Federal Reporter and Federal Supplement, Vermont cases, state and federal statutes, and U.S. Supreme Court opinions. Id.

In denying the motion to enforce, the Court noted that

> The Directive states its purpose, defines terms, and outlines available services by Inmate Law Librarians and Inmate Legal Assistants. Movants do not contend that these services are unavailable. The Directive also requires superintendents to provide access to legal materials and assistance, writing supplies, policy

> manuals, and photocopying services. There is no claim that these services are not being provided.

(Doc. 112 at 5.) The Court also found that "movants' contention that the Kiosks are not user-friendly fails to establish DOC is not in compliance with Directive 385.01." Id. at 6.

II. Faham's Motion to Enforce

Faham filed his motion to enforce on January 18, 2012. The motion first recounts the removal of prison computers by the DOC in early 2010, and contends that materials stored on those computers have not yet been returned to inmates. Faham also alleges that the DOC "used the situation to hi[]jack policy 385.01 by removing all the computers and the . . . required resources contained on them." (Doc. 113 at 2.) Faham alleges generally that inmates are not provided adequate time in the law library, and that requesting legal materials in writing is inefficient and inadequate.

As Defendants properly note in their response, these claims are essentially the same as those presented in the previously filed motion to enforce. As it did before, the Court finds that in light of the broad provisions of Directive 385.01, as well as Attorney Callea's affidavit, the motion fails to demonstrate a specific breach of the

terms of the 1997 stipulation. The motion to enforce (Doc. 113) is therefore DENIED.

III. Addendum and Motion to Amend

The most recent filing in the case is an "addendum" to Faham's motion to enforce, together with a motion to add inmate Kirk Wool as a movant. Wool was a movant in the previous motion to enforce.

This latest filing details problems Wool has experienced while trying to use the Kiosk computer system, including sudden "shut offs," inconsistent search results, and an inability to locate the cases cited in Defendants' opposition memorandum. (Doc. 120 at 1-2.) The addendum also alleges that books in the prison law libraries are out of date, library legal aides are inadequately trained, and inmate time in the library is generally limited to five to ten hours per week. DOC Directives require inmate legal assistants to successfully complete a legal assistant education program, while Directive 385.01 Section 4.3.2.1.5 requires inmates be provided library access of "no less than 12 hours of scheduled time each week, subject to security and disciplinary policies, directives and facility procedures previously established."

The motion to amend and addendum are not accompanied by a certificate of service as required by Fed. R. Civ. P. 5(d)(1). Consequently, the DOC has not responded to Faham's latest claims. The motion to amend and addendum is therefore DENIED without prejudice to re-filing with a valid certificate of service. See, e.g., Native Am. Council of Tribes v. Weber, 2010 WL 1999352, at *2 (D.S.D. May 18, 2010) (denying motion without prejudice for failure to file certificate of service); Feinerman v. Bernardi, 558 F. Supp. 2d 36, 42 n.6 (D.D.C. 2008) (noting previous denial of motion "because it was not accompanied by a certificate or service").

III. Conclusion

For the reasons set forth above, the motion to enforce (Doc. 113) and motion to amend (Doc. 120) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 18th day of September, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge