UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT


Christopher Halpin, Esq.,        :
Administrator for the            :
Estate of David Carriger,        :
Gary Parizo,                     :
        Plaintiffs,              :
                             :
        v.                       :        Case No. 1:89-cv-359
                             :
Joseph J. Patrissi,              :
John Gorczyk, Heinz Arenz,       :
Charles Hatin, Kathy Lanman,     :
        Defendants.              :
Mitchell King,                   :        **consolidated with**
        Plaintiff,               :
                             :
        v.                       :        Case No. 1:92-cv-45
                             :
Heinz Arenz, State of            :
Vermont Department of            :
Corrections,                     :
        Defendants.              :

Johnny Lopez,                    :
        Plaintiff,               :
                             :
        v.                       :        Case No.  1:92-cv-75
                             :
John Gorczyk, Ray Pillete,       :
        Defendants.              :

Richard Stempel,                 :
        Plaintiff,               :
                             :
        v.                       :        Case No.  1:92-cv-295
                             :
Howard B. Dean, III, John        :
G. Gorczyk, Raymond              :
Pillette, Heinz Arenz,           :
Karen St. Lawrence,              :
        Defendants.              :

<u>OPINION AND ORDER</u>
(Doc. 122)

Pending before the Court is a motion to add Vermont inmate
Kirk Wool as a party to a previously-denied motion to enforce a
1997 stipulation entered into by the Vermont Department of
Corrections ("DOC").  The stipulation resulted in the
promulgation of a DOC Directive on prisoner legal resources.  The
current motion alleges violations of the stipulation/Directive,
and seeks to serve both as a motion to amend and as an addendum
to the previously considered motion.  For the reasons set forth
below, the motion is DENIED for lack of subject matter
jurisdiction, and because the motion to amend is moot.

<u>Background</u>

The pending motion to amend is the latest in a series of
recent motions filed by Vermont inmates seeking to enforce the
terms of the 1997 stipulation.  (Doc. 113.)  The stipulation
constituted the conclusion of litigation commenced in 1989 by a
separate group of Vermont inmates regarding the legal resources
available to them in prison.  In the final stipulation, the
inmates agreed to dismiss their claims in consideration for the
"promulgation and acceptance of" a new DOC policy regarding
inmate access to legal material and the courts.  That policy has
been codified in DOC Directive 385.01.  (Doc. 109-1 at 3.)

On September 20, 2010, a group of Vermont inmates filed a
motion to enforce the stipulation, claiming that the DOC had

failed to adhere to Directive 385.01.  (Doc. 104.)  Specifically,
the movants alleged that in early 2010, the DOC removed all
computers from its prison law libraries in response to an
inmate's discovery of certain content on one of the computers.
The movants claimed that the computer in question, like many
other prison computers, had been purchased used, and that the
hard drive had not been properly "scrubbed."  Without computers,
inmates reportedly could not access Westlaw or other on-line
legal resources.

As a partial substitute for on-site legal resources, the
DOC allegedly implemented a request system, whereby inmates could
mail research requests to DOC Legal Education Director Carol
Callea, Esq.  The movants argued that the request system was
inadequate.  They also criticized the more recent implementation
of a "Kiosk read only system" in prison law libraries, claiming
that the system was "not user friendly."  Id. at 7.

The DOC responded to the motion with an affidavit from
Attorney Callea which stated she was "continu[ing] to provide and
update" a host of materials consistent with Directive 385.01,
including: responses to specific inmate requests; inmate legal
files that were previously stored on prison computers; legal
education and court opinion manuals; and court forms relevant to
Vermont inmates.  (Doc. 109-2 at 18.)  Attorney Callea also
confirmed that a computer Kiosk system was installed in January

2011 to provide on-line access to, among other things, the
Federal Reporter and Federal Supplement, Vermont cases, state and
federal statutes, and U.S. Supreme Court opinions.  Id.

In denying the motion to enforce, the Court noted that

The Directive states its purpose, defines terms, and
outlines available services by Inmate Law Librarians
and Inmate Legal Assistants.  Movants do not contend
that these services are unavailable.  The Directive
also requires superintendents to provide access to
legal materials and assistance, writing supplies,
policy manuals, and photocopying services.  There is no
claim that these services are not being provided.

(Doc. 112 at 5.)  The Court also found that "movants' contention
that the Kiosks are not user-friendly fails to establish DOC is
not in compliance with Directive 385.01."  Id. at 6.

On January 18, 2012, inmate Isaach Faham filed a separate
motion to enforce.  The motion recounted the removal of prison
computers by the DOC in early 2010, and contended that materials
stored on those computers had not yet been returned to inmates.
Faham also alleged that the DOC "used the situation to hi[]jack
policy 385.01 by removing all the computers and the . . .
required resources contained on them."  (Doc. 113 at 2.)  Faham
alleged generally that inmates were not being provided adequate
time in the law library, and that requesting legal materials in
writing was inefficient and inadequate.  As in its previous
Opinion and Order, the Court found that in light of the broad
provisions of Directive 385.01, as well as Attorney Callea's

4

affidavit, the motion failed to demonstrate a specific breach of the terms of the 1997 stipulation.

The most recent filing in the case is an "addendum" to Faham's motion to enforce, together with a motion to add inmate Kirk Wool as a movant.  Wool was a party to the September 2010 motion to enforce.

This latest filing details problems Wool has experienced while trying to use the Kiosk computer system, including sudden "shut offs," inconsistent search results, and an inability to locate the cases cited in Defendants' opposition memorandum. (Doc. 120 at 1-2.)  The addendum also alleges books in the prison law libraries are out of date, library legal aides are inadequately trained, and inmate time in the library is generally limited to five to ten hours per week.  DOC Directives require that inmate legal assistants successfully complete a legal assistant education program, and Directive 385.01 Section 4.3.2.1.5 requires that inmates be provided library access of "no less than 12 hours of scheduled time each week, subject to security and disciplinary policies, directives and facility procedures previously established."

The Court previously denied the motion to amend and addendum, without prejudice and with leave to re-file,  because it was not accompanied by a certificate of service as required by Fed. R. Civ. P. 5(d)(1).  After the Court denied Faham's motion

to enforce, the addendum and motion to amend was re-filed with a certificate of service.

## Discussion

The Court reviewed the previous motions to enforce, and required responses from the DOC, because the primary assertion in those motions was that a temporary suspension of computer access had frustrated and "hi[]jacked" the agreement embodied in Directive 385.01. The Callea affidavit responded to the inmate's allegations, and the Court subsequently found that the DOC's actions were in compliance with the broad provisions of the Directive.

The latest addendum is somewhat different in nature from the prior motions, as it raises specific violations of Directive 385.01. As discussed above, those allegations pertain to the functioning of the Kiosk system, the education of prison legal assistants, and the number of hours per week inmates are allowed to access the prison law library. The issue regarding the confiscation of computers and the general "hijacking" of Directive 385.01 appears to have passed.

The Court must now consider whether the alleged non-compliance with a DOC Directive gives rise to federal subject matter jurisdiction. It is well established that "[a] violation of a state law or regulation, in and of itself does not give rise to liability under 42 U.S.C. § 1983." Ward v. LeClaire, No.

907-CV-0026, 2010 WL 1189354, at *4 (N.D.N.Y. Mar. 24, 2010)

(citing Doe v. Conn. Dep't of Child & Youth Servs., 911 F.2d 868,

869 (2d Cir. 1990); Patterson v. Coughlin, 761 F.2d 886, 891 (2d

Cir. 1985)); White v. Fischer, No. 9:09-CV-240, 2010 WL 624081,

at *5 (N.D.N.Y. Feb. 18, 2010) (stating that "state regulations,

including DOCS Directives, do not ordinarily confer

constitutional rights").  In the context of due process claims,

the Second Circuit has explained that "state statutes do not

create federally protected due process entitlements to specific

state-mandated procedures."  *Holcomb v. Lykens*, 337 F.3d 217, 224

(2d Cir. 2003) (citations omitted).

Inmates have a constitutional right to meaningful access to

the courts.  See Bounds v. Smith, 430 U.S. 817, 823 (1977);

Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

Although the Supreme Court has held that this right requires

prison authorities "to assist inmates in the preparation and

filing of meaningful legal papers by providing prisoners with

adequate law libraries or adequate assistance from persons

trained in the law[,]" Bounds, 430 U.S. at 828, it has since

clarified that

> prison law libraries and legal assistance programs are
> not ends in themselves, but only the means for ensuring
> a reasonably adequate opportunity to present claimed
> violations of fundamental constitutional rights to the
> courts.  Because Bounds did not create an abstract,
> freestanding right to a law library or legal
> assistance, an inmate cannot establish relevant actual
> injury simply by establishing that his prison's law

7

library or legal assistance program is subpar in some
theoretical sense.

Lewis v. Casey, 518 U.S. 343, 351 (1996) (internal quotation
marks and citations omitted).  Accordingly, "[t]o state a claim
for denial of access to the courts . . . a plaintiff must allege
that the defendant took or was responsible for actions that
hindered [the plaintiff's] efforts to pursue a legal claim."
Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citations and
internal quotation marks omitted).

     In this case, inmates contend the DOC is not providing
adequate legal resources.  They do not allege their efforts to
pursue a legal claim have been hindered in any way.
Consequently, the legal issue at hand is whether the DOC is
providing legal resources consistent with its own Directive,
which does not, standing alone, raise a question of federal law.
See Doe, 911 F.2d at 869.

     Although the Directive itself arose out of prior federal
litigation, this fact does not establish federal subject matter
jurisdiction.  The stipulation between the parties in 1997 stated
that in consideration for the plaintiffs' dismissing all pending
motions, the DOC would promulgate and adopt Directive 385.01.
The Directive has now been in place for over fifteen years, and
nothing in the 1997 stipulation suggests that this Court retains
jurisdiction over every alleged violation thereof.  See, e.g.,
Monahan v. New York City Dep't of Corr., 214 F.3d 275, 281 (2d

Cir. 2000) (stipulation of dismissal preserved federal
jurisdiction over amended Directive).

Finally, the underlying motion which Wool seeks to amend has
been dismissed.  While the Court has considered the additional
facts set forth in the proposed addendum, there is no longer a
pending motion to which Wool can be added as a party.  The motion
is therefore DENIED both for lack of subject matter jurisdiction
and because it is moot.

Conclusion

For the reasons set forth above, the addendum and motion to
amend to add Kirk Wool as a party (Doc. 122) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th
day of May, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge